# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-40820
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO SALCIDO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-1011-1

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pedro Salcido appeals his 135-month sentence for conspiracy to possess cocaine with intent to distribute. Salcido argues that the district court erred in refusing to grant a downward adjustment for his minor or minimal role in the offense. He contends that he was on the bottom rung of the conspiracy ladder and that he was merely a delivery man. In the district court, Salcido sought only a two-level reduction for his minor role in the offense. His preserved objection

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the denial of a minor role adjustment is reviewed for clear error.  United States v. Martinez-Larraga, 517 F.3d 258, 272 n.12 (5th Cir. 2008).  He did not seek a minimal role adjustment in the district court.  Issues raised for the first time on appeal are reviewed for plain error.  Id. at 272.

"[I]n order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity."  United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005) (internal quotation marks omitted).  The facts contained in the presentence report and admitted by Salcido establish that he was not peripheral to the conspiracy:  he brokered the deal; he possessed a key to the stash house; a utility bill for the stash house and a drug ledger were found in his residence; and he was driving a vehicle which had a gate pass to access the private subdivision where the stash house was located.

Because the district court did not clearly err in denying the minor role adjustment, it necessarily did not commit error, plain or otherwise, in denying a minimal role adjustment, which applies to participants having less than a minor role in the offense.  U.S.S.G. § 3B1.2, cmt. n.4.  The judgment of the district court is AFFIRMED.